EDMONDS v. FRESENIUS MED. CARE

[359 N.C. 313 (2005)]

tinctly" allege plain error as required by North Carolina Rule of Appellate Procedure 10(c)(4), defendant is not entitled to plain error review of this issue. N.C. R. App. P. 10(c)(4). Accordingly, the decision of the Court of Appeals is reversed and this case is remanded to that court for consideration of defendant's remaining assignments of error.

REVERSED AND REMANDED.

━━━━━━━━

ELIZABETH EDMONDS, Employee v. FRESENIUS MEDICAL CARE, Employer, SELF-INSURED (CNA Claim Plus, Servicing Agent)

No. 487A04

(Filed 4 March 2005)

**Workers' Compensation— renal problems—exacerbation by drugs for back injury—failure of proof**

    The decision of the Court of Appeals in this case upholding an award of compensation to plaintiff for reduced renal function was reversed for the reason stated in the dissenting opinion that plaintiff failed to prove that her pre-existing kidney problems were exacerbated by nonsteroidal anti-inflammatory drugs taken as part of her treatment for a compensable back injury.

    Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals,—— N.C. App. ——, 600 S.E.2d 501 (2004), affirming an opinion and award entered by the North Carolina Industrial Commission on 5 May 2003. Heard in the Supreme Court 7 February 2005.

*Randy D. Duncan for plaintiff-appellee.*

*Hedrick Eatman Gardner & Kincheloe, LLP, by Mel J. Garofalo and Shannon P. Herndon, for defendant-appellant Fresenius Medical Care.*

PER CURIAM.

    For the reasons stated in the dissenting opinion, the decision of the Court of Appeals is reversed.

REVERSED.